BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 1631 DAUNTING DRIVE, EL DORADO HILLS, CALIFORNIA, EL DORADO COUNTY, APN: 122-120-33, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant. | 2:14-cv-01786-MCE-DAD<br><br>*AMENDED* FINAL JUDGMENT OF FORFEITURE |

Pursuant to the *Amended* Stipulation for Final Judgment of Forfeiture, the Court finds:

1.　　This is a civil forfeiture action brought against real property located at 1631 Daunting Drive, El Dorado Hills, California, El Dorado County, APN: 122-120-33, including all appurtenances and improvements thereto, and more fully described in Exhibit A.

2.　　A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 28, 2014, alleging that said defendant property is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2).

3.　　On August 11, 2014, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on August 1, 2014, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 2, 2014.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

      a. Vincent T. Nguyen
      b. Thuy Tien H. Kim
      c. MERS
      d. Land Home Financial Services

6. On August 26, 2014, Vincent T. Nguyen and Thuy Tien H. Kim filed claims alleging an interest in the defendant real property and answers to the complaint.  No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the *Amended* Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against claimants Vincent T. Nguyen, Thuy Tien H. Kim, and Land Home Financial Services, and all other potential claimants who have not filed claims in this action.

3. Within five months from signing the *Amended* Stipulation for Final Judgment of Forfeiture, claimants Vincent T. Nguyen and Thuy Tien H. Kim shall send a cashier's check for $50,000.00 made payable to the U.S. Department of Treasury to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2) to be disposed of according to law.

4. Within thirty (30) days of entry of this *Amended* Final Judgment of Forfeiture the United States shall record a withdrawal of *lis pendens* against the defendant real property. However, if full payment of the entire settlement amount is not made within the five month deadline,

the United States shall re-file the lis pendens and proceed to sell the defendant property as described below.  Also, Claimants Vincent T. Nguyen and Thuy Tien H. Kim promise not to sell the defendant property during the five month period.

5. If payment in full is not made within the time stipulated above, Claimants Vincent T. Nguyen and Thuy Tien H. Kim will be deemed to be in default of this *Amended* Final Judgment of Forfeiture and the Internal Revenue Service shall be authorized to sell the defendant property, pursuant to the terms described below in paragraphs 6-20.

6. The Internal Revenue Service (or a designee) shall list the defendant property for sale. The Internal Revenue Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

7. The Internal Revenue Service shall have the defendant property appraised by a licensed appraiser of its choosing.  The Internal Revenue Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

8. If necessary, the Internal Revenue Service, and any real estate broker employed by the Internal Revenue Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

9. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the Internal Revenue Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of this *Amended* Final Judgment of Forfeiture.

    c. A real estate commission not to exceed the Internal Revenue Service contractual brokerage fee.

    d. The seller shall pay any county transfer taxes.

    e. To Land Home Financial Services: a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of El Dorado County, California as instrument number 2013-0046829-00 on September 6, 2013, in the original amount of $180,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Land Home Financial Services up to the date of the payoff of the loan, including, but not limited to any insurance advances, tax advances, and property preservation costs.  As of September, 23, 2015, the principal due and owing on the loan was $174,438.77.  Interest will continue to accrue from September 23, 2015 under the loan at a rate 4.625% per diem.  As of September 23, 2015, the interest due and owing under the loan was $641.00.  As of September 23, 2015, the total amount due and owing to Land Home Financial Services was $175,166.77.  The exact amount to be paid to Land Home Financial Services shall be determined at time of payment.

    f. To the United States of America: the net proceeds from the sale of the defendant property after payments have been made to Land Home Financial Services.  All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

10. The payment to Land Home Financial Services shall be in full settlement and satisfaction of any and all claims by Land Home Financial Services to the defendant property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

11. Upon payment in full as set forth above in ¶ 9(e), Land Home Financial Services agrees to reconvey their interest in the defendant property via recordable documents and cause those to be recorded.

12. In the event it is determined that the proceeds from the sale of the defendant property would be insufficient to pay Land Home Financial Services in full as set forth above in ¶ 9(e), after the

disbursements described above are made in ¶ 9(a)-(d), the United States agrees to release its interest in the defendant property and consent to the exercise of Land Home Financial Services' state law rights to foreclose upon their loan.  The United States shall not enter into a binding agreement to sell the defendant property unless the proceeds of such sale are sufficient to pay Land Home Financial Services in full as set forth above in ¶ 9(e), unless Land Home Financial Services otherwise consents in writing.

13. Land Home Financial Services agrees not to pursue against the United States any other rights that they may have under the mortgage instrument, including, but not limited to, the right to initiate a foreclosure action without the consent of the U.S. Attorney's Office or this Court.

14. Land Home Financial Services understands and agrees that the United States reserves the right to void the settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgagee or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to applicable forfeiture statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the United States shall promptly notify the mortgagee or lien holder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465.

15. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of the Lis Pendens on July 31, 2014, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

16. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

17. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

18. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

19. Claimants Vincent T. Nguyen and Thuy Tien H. Kim represent that they will not take any action, or cause any other person to take any action, to damage or modify the defendant property from its present condition or other action that may result in a reduction in value of the defendant

property.

20. Claimants Vincent T. Nguyen and Thuy Tien H. Kim shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed upon 72 hours' notice by the Internal Revenue Service will be disposed of by the United States without further notice.

21. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant properties with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the posting of the defendant property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. The claimants waived the provisions of California Civil Code § 1542.

22. All parties are to bear their own costs and attorneys' fees.

23. The U.S. District Court for the Eastern District of California, Hon. Morrison C. England, Jr., District Judge, shall retain jurisdiction to enforce the terms of this *Amended* Final Judgment of Forfeiture.

24. Based upon the allegations set forth in the Complaint filed July 28, 2014, and the *Amended* Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Complaint and the posting of the defendant property and/or seizure of the sub *res*, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated: December 22, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

## EXHIBIT A

Lot 51, as said Lot is shown on the Official Map of Serrano Village A Unit 1, in the County of El Dorado, State of California, filed in the office of the Recorder of El Dorado County on November 18, 1999, in Map Book 1 at Page 47, Official Records.

Excepting therefrom all oil, gas and other hydrocarbon substances, inert gas, minerals and metals, lying below a 500 feet from the surface of said land and real property whether now known to exist or hereafter discovered by without however any right to use the surface of such land and real property or any other portion thereof above a depth of 500 feet from the surface of such land and real property whatsoever as excepted and reserved in Deeds from El Dorado Hills Investors, LTD., a California Limited Partnership, recorded October 23, 1989, in Book 3227 of Official Records, Pages 279 and 303.

App: 122-120-33